## HORN'S CASE.

*Supreme Court, First District; Special Term, April,* 1861.

ASSESSMENTS IN THE CITY OF NEW YORK.—PROCEEDINGS TO VACATE.

The act of 1858, giving proceedings to vacate assessments in the city of New York for fraud or legal irregularity, does not create any new ground for vacating assessments.

The fact that where work exceeding five hundred dollars in expense was performed by contract, the contract was not given to the lowest bidder, is not a legal irregularity for which an assessment thereof can be vacated, after it has been confirmed without objection.

The fact that such a contract was given to a higher bidder does not amount to fraud within the statute, when it is not shown that the lowest bidder ever offered to fulfil his bid.

Defects in the proceedings not objected to in the petition, cannot be considered.

The fact that an assessment has been vacated on the petition of A., respecting his premises, does not make the question *res adjudicata*, on the petition of B. to vacate it in respect to his premises adjoining.

Motion to vacate an assessment, under the act of April 17, 1858, ch. 338.

*John B. Stevens*, for the petitioner.

*H. H. Anderson*, for the Corporation.

LEONARD, J.—The only act complained of, whereby this assessment is supposed to be vitiated for "fraud or legal irregularity," is that the expense of the work exceeded $500, and, although performed by contract, yet the contract was not given to the lowest bidder.

The assessment was confirmed February 6, 1856, and the whole amount of the work has been paid for by the city of New York.

Had the petitioner brought this objection before the Common Council before the assessment was confirmed, it is reasonable to assume that the confirmation would never have been made, and that the defence of the city against the payment of the contractor for the work done under an illegal contract would have been resisted.

The petitioner has slept upon his rights for four years, allowed the city government to pay for work done under a contract now alleged to be illegal and void, without any objection or notice on his part; and his claim now is, that his land, although enjoying the benefit of the improvement, shall be relieved from bearing any share of the expense.

It is not alleged or proven that the Common Council had not jurisdiction to confirm this assessment. The ordinance for the work was adopted, and the subsequent proceedings requisite to give jurisdiction must, in the absence of proof or allegation to the contrary, be assumed to have been complied with.

The act of 1858 does not create any new ground for vacating assessments. Under the previous decisions this objection was

not, in an action by certiorari or other proceedings, available as a legal irregularity.

The tribunal of limited jurisdiction, which pronounced the judgment confirming this assessment, did not exceed their authority; nor does this objection, now raised herein, affect their jurisdiction to pronounce such judgment.

The objection on the ground of " legal irregularity" is, therefore, not now available.

Does the evidence, then, make out a case authorizing the assessment to be vacated on the ground of fraud?

The proof shows that two bids were made by different parties at different prices, for the performance of the work, and that a contract was signed, and now remains on file in the street department, for the said work, between the Corporation and the person who made the largest bid, and not with the lowest bidder, as required by law. There is no evidence, however, to prove, as was necessary to establish fraud, that the person making the lowest bid ever came forward and offered to enter into a contract, in pursuance of his bid. The lowest bid, perhaps, amounted to nothing. Fraud cannot be presumed. The party who alleges fraud must prove it. This defect in the evidence is applicable to the whole case, as well in respect to legal irregularity as fraud.

There is some evidence showing defects in the files of the clerk of the Common Council in respect to the proceedings concerning this assessment; but no point being made in relation thereto in the petition, it is not now necessary further to refer to the subject.

It is also asserted in the petition that the same assessment has been vacated by one of the judges of this court, as respects two lots adjoining the premises of the petitioner, and it is claimed that the question is therefore *res adjudicata.*

I do not know what was the evidence before the judge— whether it was the same as in this case or not. It is, however, a sufficient answer to the objection that it does not appear to have been, and probably was not, between the same parties.

The application is denied, and the petition dismissed. (Miller's Case, *Ante,* 121.)